Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5123 | **DATE** | 10/22/2001 |
| **CASE TITLE** | Clarken vs. Citicorp Diners Club, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies plaintiff's motion to remand (5-1).

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | OCT 2 4 2001 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| OR | courtroom deputy's initials | 01 OCT 23 PM 4:06 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

Document Number 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
OCT 24 2001

MICHAEL CLARKEN,                )
                                )
        Plaintiff,               )
                                )
    v.                           )   Case No. 01 C 5123
                                )
CITICORP DINERS CLUB, INC. and  )
CITIBANK (SOUTH DAKOTA), N.A.,   )
                                )
        Defendants.              )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

According to the amended complaint of plaintiff Michael Clarken, defendant Citibank (South Dakota), N.A. issued him a Diner's Club credit card. Clarken purchased items in Europe using the card. These items, of course, were sold at prices quoted in foreign currency. When Clarken received his Diner's Club bill (which he says came from defendant Citicorp Diners Club, Inc., which allegedly administers Diner's Club operations), the prices for his purchases were quoted in U.S. dollars. Clarken alleges that defendants imposed an undisclosed 2% fee for converting the foreign currency amounts into dollars.

Clarken filed an action against the defendants in the Circuit Court of Cook County, Illinois, alleging that they violated the Illinois Consumer Fraud Act and Illinois common law because they had not disclosed that a foreign currency conversion fee would be charged. His complaint included no federal claims. Citibank removed the case to this Court, asserting that federal subject matter jurisdiction exists under 12 U.S.C.

§632, which grants original jurisdiction to federal district courts in civil suits "to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking ... or out of other international or foreign financial operations ...." Clarken has moved to remand the case to state court.

The term "banking" as used in §632 has been interpreted by most courts narrowly, to include only traditional banking activities, such as lending, issuance of letters of credit, mortgages, and payment of drafts, and the banking transaction must contain some foreign aspect to qualify. *See Nacional Financiera, S.N.C. v. Chase Manhattan Bank, N.A.*, No. 00 CIV 1571, 2001 WL 327159, at *3 (S.D.N.Y. Apr. 4, 2001); *Consorcio de Fomento Industrial S.A. de C.V. v. First National Bank of Chicago*, No. 93 C 272, 1993 WL 291706, at *3-4 (N.D. Ill. Aug. 3, 1993) (doubting whether the construction should be so narrow but finding a narrow construction sufficient to confer jurisdiction). Clarken's claims arise from a bank's extension of credit to purchase goods or services in a foreign country, its conversion to U.S. currency of the foreign funds paid pursuant to the extension of credit, and its charging of a fee for the currency conversion. The issuance of a credit card involves a traditional banking function. In issuing the card, the bank extends credit to a customer – the equivalent of extending a line of credit or a loan, which unquestionably is a traditional banking function under even the narrowest definition of that term. *See Consorcio de Fomento*, 1993 WL 291706, at *4. Though the parties have cited no cases concerning whether currency conversion is a traditional banking function, no precedent is necessary: it clearly qualifies as such. Finally, in this case the challenged transactions have a "foreign flavor," *see Nacional Financiera*, 2001 WL 327159, at *3, one that is at the core of the parties' dispute: payment for a transaction in

2

foreign funds and conversion of that sum into U.S. currency. This is sufficient to give rise to jurisdiction under §632. *See United Technologies Corp. v. Citibank, N.A.,* 469 F. Supp. 473, 476-77 (S.D.N.Y. 1979) (issuance of letter of credit by U.S. bank to facilitate transaction in foreign country constitutes "international banking transaction" which gives rise to jurisdiction under §632).

Even if the transactions at issue did not involve traditional banking functions, defendants' payment for Clarken's purchases in foreign countries and their conversion to U.S. dollars of the amounts they advanced to pay for those purchases would suffice to constitute "international or foreign financial operations" giving rise to federal jurisdiction under §632. *Cf. In re Lloyd's American Trust Fund Litigation,* 928 F. Supp. 333, 341(S.D.N.Y. 1996) (§632 confers jurisdiction in cases involving international or foreign financial operations even if they do not concern banking); *Stamm v. Barclays Bank of New York,* 960 F. Supp. 724, 727-28 (S.D.N.Y. 1998) (same).

In seeking remand, plaintiff relies heavily on *Telecredit Service Center v. First National Bank of the Florida Keys,* 679 F. Supp. 1101 (S.D. Fla. 1988) and *Bank of New York v. Bank of America,* 861 F. Supp. 225 (S.D.N.Y. 1994), both of which held that jurisdiction under §632 was lacking. Neither case governs this one. In *Telecredit,* each party claimed that the other was liable for credit card chargebacks involving the alleged fraudulent sale of travel club memberships in the Bahamas. The court characterized the underlying controversy as a contractual dispute regarding the allocation of risk, not an issue involving traditional banking activity. 679 F. Supp. at 1104. The opposite is true here. *Bank of New York* involved a letter agreement between two banks to negotiate for the sale of loans plaintiff had made to several Australian companies. The court said that

3

for jurisdiction to exist under §632, "the banking aspect of the transaction must be legally significant in the case," and it held that because the disputed issues did not concern traditional banking activity but rather a contract law issue – whether the parties had reached a binding agreement – jurisdiction was lacking. *Id.* at 232-33. By contrast, the issue at the core of the present case involves the imposition of a foreign currency conversion fee, which as we have noted involves traditional banking activity (or, at a minimum, "foreign financial operations") within the meaning of §632.

## Conclusion

For the reasons explained above, the Court denies plaintiff's motion to remand [Docket Item 5-1].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 22, 2001